ORIGINAL

In the United States Court of Federal Claims

No. 17-414C

(Filed: August 30, 2017)

**(NOT TO BE PUBLISHED)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| DAVID DESPOT, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant. | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED
AUG 30 2017
U.S. COURT OF
FEDERAL CLAIMS

David Despot, *pro se*, Pittsburgh, Pennsylvania.

Michael Duane Austin, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief were Chad A. Readler, Acting Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Patricia A. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Judge.

Plaintiff, David Despot, seeks monetary relief against the United States acting through various government officials, agencies, and courts based upon claims brought explicitly under the Federal Tort Claims Act, 28 U.S.C. § 2671-80.[1] His suit is premised upon a variety of alleged actions taken by federal authorities supposedly adverse to him. Compl. at 16-91. Mr. Despot alleges negligence, infliction of emotional distress, "breach of duty of care owed," invasion of privacy, trespass, and "intentional misconduct," as well as "any other applicable

---

[1] Mr. Despot's complaint asserts claims against a total of four federal judges, seven executive branch officials, eight federal departments and agencies, two United States district courts, the United States Court of Federal Claims, the United States Supreme Court, the United States Courts of Appeals collectively, and the United States courts generally. *See* Compl. at 16–76. These parties will be collectively referred to as "the government."

7017 1450 0000 1346 2892

cause of action of any other tort against the claimant attributable to the applicable agencies and the applicable agencies['] employees." Compl. at 17. Mr. Despot asserts that all of his claims are "(1) for money damages, (2) arising from personal injury, (3) caused by a negligent or wrongful act (4) of a federal government employee (5) acting within the scope of his or her employment (6) in circumstances where a private person would be liable under state law," and likewise that all of his claims are purportedly brought "under the Federal Tort Claims Act." Compl. at 16. In total, Mr. Despot seeks approximately $18 million in damages.[2] Pending before the court is the government's motion to dismiss Mr. Despot's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), see Def.'s Mot. to Dismiss, ECF No. 12, which motion is ready for disposition.

## STANDARDS FOR DECISION

As plaintiff, Mr. Despot has the burden of establishing jurisdiction. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *See Trusted Integration, Inc. v. United States,* 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). And, the leniency afforded to be a *pro se* plaintiff with respect to formalities does not relieve such a litigant from satisfying jurisdictional requirements. *See Kelley v. Secretary, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed.Cir. 1987).

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, *or for liquidated or unliquidated damages in cases not sounding in tort.*" 28 U.S.C. § 1491(a)(1) (emphasis added). "It is well settled that the United States Court of Federal Claims lacks [–] and its predecessor the United States Claims Court lacked [–] jurisdiction to entertain tort claims." *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)).

## ANALYSIS

*Motion to Dismiss*

Mr. Despot states multiple claims to compensation, all of which stem from allegedly tortious conduct committed by various government agencies and officials. *See* Compl. at 16-92. In addition to the express invocation of the Federal Tort Claims Act in plaintiff's Complaint, *see* Compl. at 16, all of plaintiff's alleged harms stem from asserted causes of action sounding in tort. These tort claims are jurisdictionally unavailing in this court. *See Jumah v. United States*,

---

[2]The addition of all amounts listed in box 12b (Amount of Claim, Personal Injury) on each form SF-95 attached to Mr. Despot's complaint produces a total of $18.2 million.

90 Fed. Cl. 603, 607 (2009) (claims for intentional infliction of emotional distress, invasion of privacy, negligence, and trespass "are all claims sounding in tort."), *aff'd*, 385 Fed. Appx. 987 (Fed. Cir. 2010); *McCullough v. United States*, 76 Fed. Cl. 1, 4 (2006) ("Plaintiff's claims for . . . invasion of privacy, public disclosure of private facts, intrusion upon seclusion, [and] negligent infliction of emotional distress . . . are tort claims."), *appeal dismissed*, 236 Fed. Appx. 615 (Fed. Cir. 2007), *cert. denied* 552 U.S. 1050 (2007); *Somali Dev. Bank v. United States*, 508 F.2d 817 (Ct. Cl. 1974) (citing *United States v. Neustadt*, 366 U.S. 696 (1961)) (*Neustadt* "removes any doubt that claims based on . . . the careless performance of a duty allegedly owed, are claims sounding in tort.").

Ultimately, none of Mr. Despot's allegations are within the jurisdiction of this court. For this reason, the government's motion to dismiss Mr. Despot's complaint is granted.

## CONCLUSION

For the reasons stated, the government's motion to dismiss Mr. Despot's complaint is GRANTED. The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Judge